DANIEL CONNOR *vs.* NICHOLAS HARLAN.

Suffolk. Nov. 16, 1880.—Jan. 24, 1881. LORD & SOULE, JJ., absent.

The condition of a bond recited that the obligee was to be indemnified "against all loss, cost, damage and expense to which he may be subjected by reason of his becoming bail in the United States Court for the State of New Hampshire," for a person charged with a criminal offence. *Held*, that there was no uncertainty or illegality in the bond; and that exceptions to a refusal so to rule must be overruled, with double costs.

CONTRACT by the obligee against the surviving obligor in a bond executed on October 16, 1875, by David J. O'Connor as principal and the defendant as surety, and conditioned that they should hold the obligee harmless and indemnify him "against all loss, cost, damage and expense to which he may be subjected by reason of his becoming bail in the United States Court for the State of New Hampshire for Dennis O'Connor and Patrick Manning, now held to answer before said court."

At the trial in the Superior Court, before *Bacon*, J., without a jury, it was in evidence, and not controverted, that the bond was executed and delivered by the defendant to the plaintiff; that the plaintiff afterwards became surety in a recognizance for Dennis O'Connor and Patrick Manning, who were then confined in jail at Portsmouth in the State of New Hampshire, under an indictment returned against them in the Circuit Court of the United States for the District of New Hampshire for the crime of illegal voting, and who were thereupon liberated from jail; and that Dennis O'Connor afterwards made default, and an action was brought against the plaintiff on the recognizance, which was settled by his payment into court of the sum of $500.

The defendant asked the judge to rule that the bond declared on was void, 1st. "For uncertainty, there being no time specified, and it not appearing whether the plaintiff had become bail or was about to become bail;" 2d. "For the reason that it is a contract to indemnify the plaintiff for becoming bail in a criminal case, and is therefore contrary to public policy."

The judge refused so to rule, and found for the plaintiff for the penalty of the bond, and assessed damages and awarded execution in the sum of $651.49; and the defendant alleged exceptions.

*C. F. Donnelly & J. W. O'Brien*, for the defendant.

*P. A. Collins*, for the plaintiff, moved for double costs.

BY THE COURT. The State of New Hampshire is coextensive with the District of New Hampshire. There is no uncertainty or illegality in the bond sued on. The exceptions are frivolous, and are therefore                          *Overruled, with double costs.*